Jack Silver, Esq. SB #160575
Email: JsilverEnvironmental@gmail.com
LAW OFFICE OF JACK SILVER
Jerry Bernhaut, Esq. SB #206264
Email: j3bernhaut@gmail.com
708 Gravenstein Hwy. No. # 407
Sebastopol, CA 95472
Tel. (707) 528-8175

Attorneys for Plaintiff
CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH, an IRC Section 501(c)(3) non-profit, public benefit Corporation, | Case No.: 3:19-cv-01156 |
| | **COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, AND DECLARATORY RELIEF** |
| Plaintiff | |
| v. | **(Environmental - Clean Water Act 33 U.S.C. § 1251 *et seq.*)** |
| KENNETH MOORE; ESTATE of CHARLES N. MOORE, Deceased; ESTATE of ROSE MARY MOORE, Deceased. | |
| Defendants. | |

Plaintiff, CALIFORNIA RIVER WATCH ("RIVER WATCH"), by and through its attorneys, and for its Complaint against Defendants KENNETH MOORE, ESTATE OF CHARLES N. MOORE, Deceased, and ESTATE OF ROSE MARY MOORE, Deceased (collectively referred to hereafter as "MOORE") states as follows:

I. **INTRODUCTION**

1.      This is a citizens' suit for injunctive relief, civil penalties and remediation brought against MOORE for routinely violating an effluent quality standard or limitation[1] by discharging a pollutant from a point source to a water of the United States without complying with any other sections of the Act including CWA § 402, 33 U.S.C. § 1342.

---

[1]See CWA § 505(a)(1)(A), (B), 33 U.S.C. 1365(a)(1)(A), (B).  "[A]ny citizen may commence a civil action on his own behalf against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation under this Act or (B) an order issued by the Administrator or a State with respect to such a standard or limitation."

2.      RIVER WATCH alleges MOORE illegally discharges pollutants, including sewage, from the ownership and operation of a sewage collection and treatment system located at or adjacent to the former Moore's Resort, located at 6 Cuttings Wharf Road, in Napa California, to the Napa River, a water of the United States, in violation of CWA § 301(a), 33 U.S.C. § 1311(a) which states in relevant part: "Except as in compliance with this section and sections 302, 306, 307, 318, 402, and 404 of this Act [33 U.S.C. §§ 1312, 1316, 1317, 1328, 1342, 1344], the discharge of any pollutant by any person shall be unlawful." RIVER WATCH alleges MOORE is not in possession of a National Pollutant Discharge Elimination System ("NPDES") permit for the alleged discharge of pollutants.  RIVER WATCH alleges these discharges are in violation of the CWA's prohibition with regard to discharging a pollutant from a point source to waters of the United States, in this instance the Napa River, pursuant to CWA § 301(a), 33 U.S.C. § 1311(a) and 33 U.S.C. 1365(f).

3.      On or about September 11, 2018, RIVER WATCH provided notice of MOORE's violations of the CWA to the (1) Administrator of the United States Environmental Protection Agency ("EPA"), (2) EPA's Regional Administrator for Region Nine, (3) Executive Director of the State Water Resources Control Board, and (4) MOORE as required by CWA 33 U.S.C. § 1365(b)(1)(A). A true and correct copy of RIVER WATCH's 60-Day Notice of Violations ("CWA Notice") is attached as **EXHIBIT A** and incorporated by reference. The State Board, the Regional and National Administrators of EPA, and Defendant KENNETH MOORE all received this Notice.[2]

4.      More than sixty days have passed since the CWA Notice was served on MOORE, the State Board, and the Regional and National EPA Administrators.  RIVER WATCH is informed and believes, and thereupon alleges, that neither the EPA nor the State of California has commenced or is diligently prosecuting a court action to redress the violations alleged in this Complaint. This action's claim for civil penalties is not barred by any prior administrative penalty under section 309(g) of the CWA, 33 U.S.C. § 1319(g).

5.      Pursuant to CWA § 505(c)(3), 33 U.S.C. § 1365(c)(3), a copy of this Complaint has been served

---

[2] *See* CWA Notice - Exhibit A, at pg. 1.  Subsequent to service of the CWA Notice, RIVER WATCH became aware that addressees Charles N. Moore and Rose Mary Moore are deceased, and that no other addressees except Kenneth Moore hold any ownership interest in the property which is the subject of this Complaint.

on the United States Attorney General and the Administrator of the Federal EPA.

**II.  JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), and 33 U.S.C.§ 1365(a) (CWA citizen suit jurisdiction).  The relief requested is authorized pursuant to 28 U.S.C. §§ 2201-2202 (declaratory relief), 33 U.S.C. § 1365(a) (injunctive relief), and 33 U.S.C. § 1319(d) (civil penalties).

7.      Venue is proper because MOORE and the discharging collection system which is the subject of this Complaint are located, and the events or omissions giving rise to RIVER WATCH's claims occurred, in this District. 28 U.S.C. § 1391(b)(1), (2). Venue is also proper because MOORE's CWA violations have occurred and are occurring within the District. 33 U.S.C. § 1365(c)(1).

8.      All illegal discharges and activities complained of in this Complaint and in the CWA Notice occurred in the Napa River, a water of the United States.

9.      Members and supporters of RIVER WATCH reside in the vicinity of, derive livelihoods from, own property near, and/or recreate on, in or near, and/or otherwise use, enjoy and benefit from the waterways and associated natural resources into which MOORE allegedly discharges pollutants, or by which MOORE's operations adversely affect those members' interests, in violation of the protections embedded in the NPDES Permitting program, CWA § 301(a), 33 U.S.C. § 1311(a), CWA § 505(a)(1), 33 U.S.C. § 1365(a)(1), CWA § 402, and 33 U.S.C. § 1342.  The health, economic, recreational, aesthetic and environmental interests of RIVER WATCH and its members may be, have been, are being, and will continue to be adversely affected by MOORE's unlawful violations as alleged herein.  RIVER WATCH contends there exists an injury in fact to its members, causation of that injury by MOORE's complained of conduct, and a likelihood that the requested relief will redress that injury.

**III.  PARTIES**

10.     RIVER WATCH, is, and at all times relevant to this Complaint was, an Internal Revenue Code § 501(c)(3) non-profit, public benefit corporation organized under the laws of the State of California with headquarters located in Sebastopol, California. The mailing address of RIVER WATCH is 290 South Main Street, #817, Sebastopol, California. RIVER WATCH is dedicated to protecting, enhancing, and helping to restore surface water and groundwaters of California including coastal waters, rivers,

creeks, streams, wetlands, vernal pools, aquifers and associated environs, biota, flora and fauna, and educating the public concerning environmental issues associated with these environs. Members of RIVER WATCH have interests in the waters and watersheds which are or may be adversely affected by MOORE's discharges and violations of the CWA as alleged in this Complaint. Said members use or and intend to use in the future the effected waters and watershed areas for recreation, sports, fishing, swimming, hiking, photography and nature walks. Furthermore, the relief sought will redress the injury in fact, likelihood of future injury, and interference with the interests of said members. MOORE's ongoing violations of the CWA will cause irreparable harm to members of RIVER WATCH for which they have no plain, speedy, or adequate remedy. The relief requested will redress the ongoing injury in fact to RIVER WATCH's members.

11.    RIVER WATCH is informed and believes, and on such information and belief alleges, that Defendant KENNETH MOORE is now, and at all times relevant to this Complaint was, an individual residing in the City of San Jose, California, and the owner and operator of the sewage collection and treatment system identified by the California Regional Water Quality Control Board, San Francisco Bay Region, as "Moore's Resort" located at 6 Cuttings Wharf Road in the City of Napa, Napa County, California. The real property underlying Moore's Resort, is identified by Napa County Assessor's Parcel Number 047-262-002-000.

12.    RIVER WATCH is informed and believes and on such information and belief alleges, that Defendants ESTATE OF CHARLES N. MOORE, Deceased and ESTATE OF ROSE MARY MOORE, Deceased are now, and at all times relevant to this Complaint were, entities holding an ownership interest in the real property underlying Moore's Resort, identified by Napa County Assessor's Parcel Number 047-262-002-000. RIVER WATCH will amend this Complaint to name the personal representatives of Defendants ESTATE OF CHARLES N. MOORE, Deceased and ESTATE OF ROSE MARY MOORE, Deceased, when their identity becomes known to RIVER WATCH.

## IV.    FACTUAL ALLEGATIONS WHICH GIVE RISE TO CLAIMS

13.    RIVER WATCH incorporates by reference all the foregoing including **EXHIBIT A** as though the same were separately set forth herein. RIVER WATCH takes this action to ensure compliance with the CWA which regulates the discharge of pollutants into navigable waters. The statute is structured in

4

such a way that all discharges of pollutants are prohibited with the exception of enumerated statutory provisions. One such exception authorizes a discharger, who has been issued a permit pursuant to CWA § 402, 33 U.S.C. § 1342, to discharge designated pollutants at certain levels subject to certain conditions. The effluent discharge standards or limitations specified in a National Pollutant Discharge Elimination System ("NPDES") permit define the scope of the authorized exception to the CWA § 301(a), 33 U.S.C. § 1311(a) prohibition, such that violation of a permit limit places a discharger in violation of the CWA.

14.     Operations at the Moore's Resort sewage collection and treatment system include sewage collection system pipelines transmitting untreated domestic sewage from 21 single-family dwellings to 2 evaporation ponds with a total surface area of approximately 0.5 acres. The sewage is treated in 2 tri-chambered, underground Imhoff tanks prior to being pumped to the evaporation ponds for stabilization and evaporation. RIVER WATCH is informed and believes, and based on said information and belief alleges, that sanitary sewer overflows are occurring in which untreated sewage is being discharged above ground from the Moore's Resort collection system prior to reaching the Imhoff tanks. Sewer line cracks, displaced joints, eroded segments, and other structural defects in the sewer lines have resulted in the unlawful discharge of untreated sewage, some of which has flowed over land to the Napa River.   The evaporation ponds are located approximately 1,500 feet east of Cuttings Wharf Road, immediately adjacent to a tidal drainage ditch which empties into the Napa River. There have been numerous reports of overflows from the ponds (especially during the rainy season) into the adjacent drainage ditch and from there into the Napa River. The wastewater contained in the percolation ponds has received only partial treatment in the Imhoff tanks, which is not in compliance with current regulatory standards. Under Discharge Specification B. 6 of the Waste Discharge Requirements set forth in RWQCB Order No. R2-1986-028, "To prevent the threat of overflow, a minimum freeboard of two feet shall be maintained in the ponds at all times."  River Watch alleges that MOORE has failed to comply with this provision on multiple occasions, especially during storm events, leading to surface overflows of the partially treated sewage into the Napa River.

15.     All of the discharges as identified and described in Paragraph 14 above are violations of CWA § 301(a), 33 U.S.C. § 1311(a), in that they are discharges of a pollutant (sewage) from a point source (Moore's Resort sewage collection system and evaporation ponds) to a water of the United States

without complying with any other sections of the Act.  RIVER WATCH further contends these violations are continuing in nature or have a likelihood of occurring in the future. These violations are of special concern in that the Napa River is listed under CWA § 303(d) as impaired for nutrients and pathogens. Domestic sewage is a major source of these pollutants.

**V.      STATUTORY AND REGULATORY BACKGROUND**

16.      CWA § 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a "point source" into the navigable waters of the United States, unless such discharge is in compliance with applicable effluent limitations as set by the EPA and the applicable State agency.   These limits are to be incorporated into an NPDES permit for that specific point source.  Additional sets of regulations are set forth in the Bay Area Regional Water Quality Control Board Water Quality Control Plan or "Basin Plan", California Toxics Plan, the Code of Federal Regulation and other regulations promulgated by the EPA and the State Water Resources Control Board.

17.      CWA § 301(a) prohibits discharges of pollutants or activities not authorized by, or in violation of an effluent standard or limitation or an order issued by the EPA or a State with respect to such a standard or limitation including a NPDES permit issued pursuant to CWA § 402, 33 U.S.C. § 1342.  The pollutants from the Moore's Resort collection system are discharged from point sources under the CWA.

18.      The Napa River, as detailed in this Complaint and in the CWA Notice, is a navigable water  of the United States within the meaning of CWA § 502(7), 33 U.S.C. § 1362(7).

19.      The Administrator of the EPA has authorized the Regional Water Quality Control Board to issue NPDES permits, subject to specified conditions and requirements, pursuant to CWA § 402, 33 U.S.C. § 1342.

**VI.      VIOLATIONS**

20.      The enumerated violations are detailed in the CWA Notice and below, designating the section of the CWA violated by the described activity.

21.      The location(s) of the discharges are the discharge points as described in the CWA Notice.

**VII.      CLAIM FOR RELIEF -**

**Violation of 33 U.S.C. § 1311(a), CWA § 301(a) – Violation of the Prohibition on the Discharge of Pollutants from Point Sources to Waters of the United States Without a**

6

**NPDES Permit Issued under CWA § 402, 33 U.S.C. § 1342**

RIVER WATCH re-alleges and incorporates by reference the allegations of Paragraphs 1 through 21 as though fully set forth herein including all allegations in the CWA Notice. RIVER WATCH is informed and believes, and on such information and belief alleges, as follows:

22.    MOORE has violated and continues to violate the CWA as evidenced by the discharge of pollutants from structurally defective sewer pipelines and percolation ponds in the Moore's Resort collection system to navigable waters of the United States without an NPDES permit, as set forth in this Complaint and the CWA Notice, in violation of CWA § 301, 33 U.S.C. § 1311.

23.    MOORE's violations are ongoing, and will continue after the filing of this Complaint. RIVER WATCH alleges herein all violations which may have occurred or will occur prior to trial, but for which data may not have been available or submitted or apparent from the face of the reports or data submitted by MOORE to the State Water Resources Control Board, the RWQCB, or to RIVER WATCH prior to the filing of this Complaint. RIVER WATCH will amend this Complaint if necessary to address MOORE's State and Federal CWA violations which may occur after the filing of this Complaint. Each violation is a separate violation of the CWA.

24.    RIVER WATCH alleges that without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, MOORE will continue to violate the CWA as well as State and Federal standards with respect to the enumerated discharges and releases alleged herein. Further, that the relief requested in this Complaint will redress the injury to RIVER WATCH and its members, prevent future injury, and protect the interests of its members that are or may be adversely affected by MOORE's violations of the CWA, as well as other State and Federal standards.

25.    RIVER WATCH alleges that continuing violations of the CWA by MOORE will irreparably harm RIVER WATCH and its members, for which harm RIVER WATCH and its members have no plain, speedy or adequate remedy at law.

## XIII.   RELIEF REQUESTED

WHEREFORE, RIVER WATCH prays that the Court grant the following relief:

26.    Declare MOORE to have violated and to be in violation of the CWA;

27.    Issue an injunction ordering MOORE to immediately operate the Moore's Resort sewage

1    collection and treatment system in compliance with the NPDES permitting requirements in the CWA;

2    28.     Order MOORE to pay civil penalties per violation/per day for his violations of the CWA as

3    alleged in this Complaint;

4    29.     Order MOORE to pay RIVER WATCH's reasonable attorneys' fees and costs (including expert

5    witness fees), as provided by 33 U.S.C. § 1365(d) and applicable California law; and,

6    30.     Grant such other and further relief as may be just and proper.

7

8    DATED: February 26, 2019              LAW OFFICE OF JACK SILVER

9
                                        By:     */s/ Jack Silver*
10                                                Jack Silver

                                        By:     */s/ Jerry Bernhaut*
11                                                Jerry Bernhaut

12                                         Attorneys for Plaintiff

13                                         CALIFORNIA RIVER WATCH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Injunctive Relief, Civil Penalties, And Declaratory Relief